should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55953.**—Schroeder Bros., Inc. v. United States, protests 172257–K, 172653–K, and 172940–K (New York).

Opinion by Johnson, J. At the trial it was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested not found were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protests were sustained to this extent.

**No. 55954.**—McKesson & Robbins, Inc. v. United States, protests 167491–K and 167874–K (New York).

Opinion by Johnson, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested not found were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protests were sustained to this extent.

**No. 55955.**—Morris Friedman v. United States, protest 129971–K (Philadelphia).

Opinion by Johnson, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protest was sustained to this extent.

Before the Second Division, October 31, 1951

**No. 55956.**—A. N. Deringer, Inc. v. United States, petition 6828–R (Ogdensburg).

Opinion by Rao, J. It appeared from the testimony that the merchandise was entered on October 24, 1950, at the invoice values, such action being predicated upon price lists received from the exporter and filed with the appraiser. Subsequently, petitioner received a new price list showing higher prices, effective October 16, 1950, which petitioner also filed with the appraiser. Petitioner intended to amend the entry to conform to the new prices, but the appraisement